IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNNIE RAY HAWTHONE                                              PETITIONER

VS.                     5:11CV00045 BSM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Johnnie Ray Hawthone, is a prisoner currently confined to the Delta Regional Unit of the Arkansas Department of Correction. On March 1, 2011, he initiated this § 2254 habeas action. (Docket entry #2).

On January 14, 1997, Petitioner was sentenced to forty years in prison after a jury in Miller County found him guilty of attempted rape and possession of drug

paraphernalia. Since that time, Petitioner has filed a long line of habeas actions, in both the Eastern and Western Districts of Arkansas, attacking his conviction.[1]

For the reasons set forth herein, the Court recommends that the Motion to Proceed *In Forma Pauperis* be denied, as moot, and that the habeas Petition be dismissed, without prejudice, so that Petitioner may seek permission from the Eighth Circuit to file a successive habeas petition.

## II. Discussion

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a prima facie showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, *not* the United States District Court.

---

[1] On May 14, 2001, Petitioner filed a § 2254 habeas Petition in the United States District Court for the Western District of Arkansas alleging that his conviction was unconstitutional. *Hawthorne v. Norris*, 01-4074 (W.D. Ark. May 14, 2001). He then filed six successive habeas actions, without receiving the required authorization from the Eighth Circuit Court of Appeals: (1) *Hawthone v. Norris*, E.D. Ark. No. 5:09CV00193 BSM (dismissed as unauthorized successive petition); (2) *Hawthone v. Norris*, E.D. Ark. No. 5:03CV560 GH (dismissed as unauthorized successive petition); (3) *Hawthone v. Norris*; W.D. Ark. 4:06CV04098 HFB (dismissed as unauthorized successive petition); (4) *Hawthone v. Norris*, W.D. Ark. No. 4:07CV04074 HFB (dismissed as unauthorized successive petition); (5) *Hawthone v. Norris*, W.D. Ark. No. 4:09CV04028 HFB (dismissed as unauthorized successive petition); (6) *Hawthone v. Norris*, E.D. Ark. No.5:10cv00185 BSM (dismissed as unauthorized successive petition).

*See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application"). Thus, in order for Petition to file and pursue this *successive* habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Pennington v. Norris,* 257 F.3d 857, 858 (8th Cir. 2001) (explaining that a habeas petitioner must obtain authorization from the Eighth Circuit before he can raise a successive challenge to a state conviction).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion to Proceed *In Forma Pauperis* (docket entry #1) be DENIED, AS MOOT.

2. The Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254 (docket entry #2), be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition.

Dated this 8th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE